UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD FORNELL, AS TRUSTEE OF
THE FORNELL ENTERPRISES INC.
401(k) PROFIT SHARING PLAN,

      Petitioner,

v.                               Case No.  6:12-cv-38-Orl-28TBS

MORGAN KEEGAN & COMPANY, INC.,

      Respondent.

_____

REPORT AND RECOMMENDATION[1]

     The District Judge has referred Petitioner's Motion for Attorneys' Fees,

Costs, and Entry of Final Judgment with Incorporated Memorandum of Law (Doc.

30) to me for the preparation of a report and recommendation.

I. Background

     Petitioner, as trustee of the Fornell Enterprises, Inc. 401(k) Profit Sharing

Plan ("Plan"), brought a Financial Industry Regulatory Authority arbitration

proceeding against Respondent alleging violations of the Employee Retirement

Income Security Act of 1974 ("ERISA"), breach of fiduciary duty, negligence,

negligent supervision, fraud and breach of contract.  (Doc. 12-1).  All of Petitioner's

claims were based upon a common core of facts.  (Id. at 2-14).  Petitioner alleged

that he relied upon Respondent's registered representative when he caused Plan

assets to be used to purchase multiple, unsuitable, RMK Funds.  (Id.)  Respondent

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

denied liability and affirmatively alleged, among other things, that it was not a
fiduciary of the Plan and therefore, could not be found liable under ERISA.  (Doc.
12-2 at 21-26).  It also contended that all of the fund risks were disclosed in the
prospectuses, that Petitioner's claims were barred by the applicable statutes of
limitations and that Petitioner was not entitled to recover attorneys' fees.  (Doc. 12-2
at 10-13, 30-31).  At the conclusion of the arbitration hearing, Petitioner requested
compensatory damages, punitive damages, interest, costs and attorneys' fees.
(Doc. 30-1 at 3).  Respondent asked the arbitrators to award it $197,092 in
attorneys' fees and $40,000 in costs.  (Id.)

       The arbitrators found, unanimously, that Respondent is liable to Petitioner on
the claims of violation of ERISA, breach of fiduciary duty, negligence and negligent
supervision.  (Doc. 30-1 at 5).  In particular, the arbitrators held that Petitioner
"proved that Respondent, acting through [Petitioner's] financial advisor, assumed
the obligations of a co-fiduciary under ERISA."  (Id.)  They awarded Petitioner
$194,976 in compensatory damages together with interest, $19,342 in costs, and
$300 to reimburse Petitioner for the non-refundable portion of the initial claim filing
fee.  (Id.)  The arbitrators also concluded that Petitioner had established his right to
an award of attorneys' fees under ERISA.  (Id.)  However, because Respondent
had argued that the arbitrators did not have authority to determine fees and
evidence as to the amount of fees was not presented, the arbitrators did not include
fees in their award to Petitioner.  (Id.)

Petitioner brought this action to confirm the arbitration award pursuant to the

Federal Arbitration Act, 9 U.S.C. § 9.  (Doc. 1).  Respondent answered; affirmatively

alleged that grounds existed to vacate, modify or correct the award; and filed a

counterclaim/motion to vacate the award.  (Doc. 5).  In its motion Respondent

asserted that the award should be vacated because one of the arbitrators failed to

disclose information which might have precluded him from rendering an objective

and impartial decision and that the same arbitrator had shown evident partiality.

(Id.)  The Court granted Petitioner's motion, confirmed the arbitration award, denied

Respondent's motion for vacatur and, as a sanction, awarded Petitioner attorneys'

fees and costs incurred to defend Respondent's motion.  (Doc. 28).  The Court

instructed Petitioner to file his motion for fees and costs and to submit a proposed

form of final judgment.  (Id.)  Petitioner has complied with the Court's instructions.

(Doc. 30).

Petitioner seeks entry of judgment for (1) $194,976 in compensatory

damages together with prejudgment interest at 4.75 percent accruing from

December 23, 2011 until the award is paid in full; (2) $184,220 in attorneys' fees for

the underlying arbitration, confirmation of the arbitration award and for seeking

attorneys' fees under ERISA; (3) $34,725 in attorneys' fees for defending

Respondent's motion for vacatur; (4) prejudgment interest at 4.75 percent

commencing January 7, 2012 on the attorneys' fees and costs awarded by the

Court; (5) $19,342 in costs; (6) the $300 non-refundable portion of the initial claim

filing fee; and (7) post-judgment interest pursuant to § 55.03(1) Florida Statutes on

the total amount awarded in the final judgment.  (Id.)  Respondent does not contest

Petitioner's right to the entry of a judgment for compensatory damages, costs and

interest.  (Doc. 31).  However, it opposes Petitioner's application for attorneys' fees.

Respondent contends that under Florida law, arbitrators are generally prohibited

from awarding attorneys' fees and therefore, this Court must decide the issues of

entitlement and amount of fees, if any, to be awarded to Petitioner.  Next,

Respondent argues that Petitioner's attorneys' fee claim is time barred under

ERISA's six year statute of repose and three year statute of limitations.

Alternatively, Respondent asserts that if the Court finds Petitioner's fee claim is not

time barred, then the Court should hold, based upon the factors established by

case law,  that Petitioner is not entitled to attorneys' fees.  Respondent alleges that

Petitioner's request for fees is inflated because it includes fees incurred in

connection with Petitioner's common law claims and claims upon which Petitioner

was not successful.  Respondent also contends that Petitioner is not entitled to fees

incurred in connection with the confirmation of the arbitration award or his efforts to

obtain fees and it argues that Petitioner's fees to defend Respondent's motion for

vactur are inflated.  (Doc. 31).

II. Discussion

A. Compensatory Damages

     The Court has confirmed the arbitrators' award of $194,976 in compensatory

damages to Petitioner and Respondent has not disputed this award in its opposition

memorandum.  Accordingly, I recommend that the District Court enter judgment for

-4-

Petitioner in the principal amount of $194,976.

B. Costs

The arbitration panel awarded Petitioner $19,342 in costs plus the $300 non-refundable portion of the initial claim filing fee previously paid by Petitioner. Post-judgment, Petitioner intends to submit a bill of costs pursuant to Fed.R.Civ.P. 54(d)(1) and Local Rule 4.18 to recover $420 representing this Court's filing fee and the costs for service of process.  In its memorandum, Respondent states that it does not oppose Petitioner's motion for costs.  (Doc. 31 at 2 n.1).  In the interests of judicial economy, I recommend the Court award Petitioner all three sums (i.e., $19,342; $300; and $420), at this time.

C. Interest

This is a diversity action to confirm the arbitration award.  (Doc. 1 at 3).  In a diversity case, state law governs the award of post-judgment interest.  See Parsons & Whittemore Alabama Mach. and Serv. Corp. v. Yeargin Const. Co., Inc., 744 F.2d 1482, 1484 (11th Cir. 1984).  The arbitration panel awarded Petitioner interest "under the maximum rate allowed under Florida law accruing from December 23, 2011 until the award is paid in full." (Doc. 30-1 at 5).  The arbitration award was entered on December 23, 2011.  At that time, the statutory rate of interest on judgments entered in Florida was 4.75 %.  FLA. STAT. § 55.03; see also http://www.myfloridacfo.com/aadir/interest.htm.

Petitioner seeks an award of interest on all attorneys' fees and costs it recovers.  In Quality Engineered Installation, Inc. v. Higley S., Inc., the court said

"interest accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined." 670 So. 2d 929, 930-31 (Fla. 1996).

Respondent has not challenged Petitioner's request for pre or post judgment interest or the proposed rate of interest. Therefore, I recommend the District Court award Petitioner interest on the compensatory damages and all but $420 of the costs at the rate of 4.75 % from December 23, 2011 until the date of the final judgment. Interest on the remaining $420 in costs should run from the date of entry of the judgment. In this Report, I recommend the Court find that Petitioner is entitled to attorney's fees and that the Court award fees. I recommend the Court also award Petitioner interest on its attorney's fees from the date the Court decides the issue of entitlement. Finally, I recommend that interest accrue on the entire final judgment at the rate of 4.75 % until it is paid in full.

D. Determining Entitlement to Attorneys' Fees

The Florida Arbitration Code states that "[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." FLA. STAT. § 682.11 (emphasis added). The Florida Supreme Court has interpreted this statute to mean that arbitrators are generally prohibited from awarding attorneys' fees. See Turnberry Assoc. v. Serv. Station Aid, Inc., 651 So. 2d 1173, 1175 (Fla. 1995). It is left to the Court to decide the prevailing party's entitlement to fees and the amount

of fees upon application for confirmation of the arbitration award.  <u>Kostoff v. Fleet Sec., Inc.</u>, 506 F. Supp. 2d 1150, 1160 (M.D. Fla. 2007).  There is an exception to this general rule.  The parties may, "by their actions, filings, and submissions . . . expressly waive their right to insist that only a court decide the issue of attorneys' fees and by doing so confer subject matter jurisdiction upon an arbitrator to award attorneys' fees."  <u>Morgan Keegan & Co. v. Contois</u>, No. 6:10-cv-282-Orl-18DAB, 2010 WL 2871104 *2 (M.D. Fla. July 20, 2010); <u>Powell v. Carey Int'l, Inc.</u>, 558 F. Supp. 2d 1265, 1268-69 (S.D. Fla. 2008).  There has not been a waiver in this case. Petitioner does not allege waiver, Respondent objected to any award of fees by the arbitrators, and the panel did not award fees to Petitioner.  Accordingly, I recommend the District Court determine the issues of entitlement and amount of fees.

E. Respondent's Statute of Limitations Defense

        Title 29 U.S.C. § 1113 provides a three year statute of limitations and a six year statute of repose.  According to Respondent, if Petitioner had fulfilled his fiduciary duty on behalf of the Plan by reading the RMK Fund prospectuses they would have given him actual knowledge that the RMK Funds were not the conservative investments Respondent's representative represented them to be. Respondent concludes, on this basis, that the three year statute of limitations applies and Petitioner's ERISA claim is time barred.  In the alternative, Respondent argues that even if Petitioner is not held to have had actual knowledge, his ERISA claim ran at the very latest, six years after he made the RMK Fund purchases and

is therefore, still time barred.  Respondent raised these arguments in the pleadings in the arbitration and they were implicitly rejected by the panel when it ruled in favor of Petitioner.  Respondent's argument is also a direct challenge to the validity of the arbitration award this Court has already confirmed.  If Respondent believed these arguments had merit, it should have included them in its motion to vacate the arbitration award.  Lastly, assuming for the sake of argument that Respondent is correct, a mistake of law by the arbitrators is not grounds to reverse an award. Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1014 (11th Cir. 1998) ("It is settled law, however, that '[c]ourts are generally prohibited from vacating an arbitration on the basis of errors of law or interpretation.'" (quoting O.R. Sec. Inc. v.  Prof'l Planning Assoc., 857 F.2d 742, 746 (11th Cir. 1988)).  An exception to this general prohibition exists when the arbitrators manifestly disregard the law.  Montes v. Shearson Lehman Brothers, Inc., 128 F.3d 1456, 1460-61 (11th Cir. 1997) ("To manifestly disregard the law, one must be conscious of the law and deliberately ignore it.").  At no time has Respondent alleged a manifest disregard of 29 U.S.C. § 1113 by the arbitrators.  Accordingly, I recommend the Court reject Respondent's argument that Petitioner's claim is time barred.

F. Attorneys' Fees Under ERISA

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party."  29 U.S.C. § 1132(g). The law does not presume that the prevailing party in an ERISA action is entitled to

recover its fees.  Byars v. The Coca-Cola Co., 517 F.3d 1256, 1268 (11th Cir.

2008).  Rather, courts in the Eleventh Circuit consider the following five factors

when determining whether to award attorneys' fees under ERISA:

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of
> attorneys' fees; (3) whether an award of attorneys' fees
> against the opposing parties would deter other persons acting
> under similar circumstances; (4) whether the parties
> requesting attorneys' fees sought to benefit all participants
> and beneficiaries of an ERISA plan or to resolve a significant
> legal question regarding ERISA itself; [and] (5) the relative
> merits of the parties' positions.

Id. (quoting Freeman v. Cont'l Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993)).

Although "[n]o one of these factors is necessarily decisive, and some may not be

apropos in a given case, . . . together they are the nuclei of concerns that a court

should address" when deciding whether to award fees on an ERISA claim.  Iron

Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).[2]

    Petitioner argues the existence of bad faith based upon the arbitrators'

findings that Respondent "ma[de] unsuitable recommendations," and "negligently

fail[ed] to disclose material facts about the nature of the subject investments."  (Id.)

Petitioner contends that these findings, together with Respondents rejection of

responsibility as a co-fiduciary of the Plan evidence Respondent's bad faith.  (Doc.

34).  The arbitrators did not find a reckless or willful violation by Respondent and

Respondent's litigation of the issue of its status as a fiduciary was not

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981 (en banc) the Court
adopted as binding precedent, cases of the former Fifth Circuit decided before October 1, 1981.

unreasonable or unfounded.  Still, from a legal perspective, Respondent is

"culpable" for breaching a legal duty to Petitioner.  This leads me to the conclusion

that this factor weighs slightly in favor of Petitioner.

Petitioner answered Respondent's motion for vacatur with a motion for

sanctions which the Court granted.  In its Order, the Court held that there was no

objectively reasonable basis for the assertion of Respondent's motion to vacate the

arbitration award.  While this determination supports a finding of bad faith, the

Court has already dealt with the matter by sanctioning Petitioner.

The next factor is Respondent's ability to satisfy an award of attorneys' fees.

Respondent did not address this factor in its memorandum.  Petitioner filed a copy

of Respondent's Consolidated Financial Statements and Supplemental Information

for the year ended December 31, 2011 which shows Respondent had net income of

$22,805,006 in 2011, and sold its brokerage business to Raymond James Financial

for $930,000,000 in January, 2012.  (Doc. 34-1 at 3, 28).  Based upon these

financial statements, Respondent has the financial capacity to pay Petitioner's

attorneys' fees and this factor weighs in favor of an award of fees.

Respondent also did not address the deterrent effect, if any, that an award of

attorneys' fees in this case would have.  A fee award could influence Respondent

and other securities brokers and dealers to better supervise their representatives

and thus, deter them from overlooking or negligently performing their

responsibilities.  However, the arbitrators did not find reckless or willful misconduct

and the award of compensatory damages may be sufficient to accomplish these

goals.  On balance, I find this factor to be neutral.

Next, is whether Petitioner brought this action to benefit all participants and beneficiaries of the Plan or to resolve a significant legal question regarding ERISA. At the time of the arbitration, Petitioner owned approximately ninety percent of the assets in the Plan.  (Doc. 31 at 8).  Still, he was not the sole participant and this action was brought for the benefit of the Plan, including all its participants. Because Petitioner prevailed, all of the participants in the Plan benefitted.  Turning to the  significance of this action under ERISA, in order to prevail, Petitioner had to prove that Respondent, the broker-dealer for the Plan's non-discretionary account, became a co-fiduciary of the Plan by operation of law.  Even Respondent characterized this claim by Petitioner as a "novel theory."  (Doc. 31 at 9). Accordingly, I find this factor weighs in favor of an award of attorneys' fees.

The final factor is the relative merits of the parties' positions.  Respondent argues this was a close case which does not warrant an award of fees.  Despite Respondent's belief in the worth of its arguments, they were unanimously rejected by the arbitrators.  Whatever merit Respondent's position had, it was clearly outweighed by the merits of Petitioner's claims and therefore, I find this factor favors an award of fees.

Based upon my consideration of all five factors, I recommend the Court award attorneys' fees to Petitioner under 29 U.S.C. § 1132(g).

G. Petitioner's Fee Request

Petitioner seeks a total of $218,945 in attorneys' fees.  This figure includes $184,220 in fees incurred during the underlying arbitration, for confirmation of the arbitration award, and to seek fees in this Court.  The remaining $34,725 is for the defense of Respondent's motion to vacate the award.  Petitioner is also asking the Court to reserve jurisdiction to award additional fees necessitated by this phase of the litigation.  (Doc. 30 at 10-11).

Federal and Florida courts have both adopted the lodestar method to determine the amount of attorney's fees to be awarded.  Schafler v. Fairway Park Condominium Ass'n, 147 F. App'x 113, 114 (11th Cir. 2005) (per curiam).  The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150-51 (Fla. 1985); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount.) (per curiam).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  The Court must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours.  Hensley v. Eckerhard, 461U.S. 424, 434 (1983).  "A

-12-

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1299.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).  The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Petitioner has filed multiple affidavits (Doc. 30-2) in support of his claim to $184,220 in fees based upon the following hours and rates:

| Attorney | Hours | Rate | Amount |
|----------|-------|------|--------|
| Jeffrey Erez | 262.5 | $450 | $118,125 |
| Jeffrey R. Sonn | 6.8 | $450 | $3,060 |
| Stefan Apotheker | 58.1 | $300 | $17,430 |
| Jennifer Poole Farrar | 33.2 | $300 | $9,960 |
| Michael G. Rapport | 143.4 | $200 | $32,265 |
| Deborah L. Schwartz | 16.9 | $200 | $3,380 |

Respondent does not dispute the reasonableness of the hourly rates

charged.  Having considered the complexity of this matter, the experience of the

attorneys, the location of their practice, and the Court's knowledge of market rates

in Central Florida, I find that the requested hourly rates are reasonable and

recommend that they be approved.

Because ERISA provides the only legal basis upon which Petitioner may

recover fees, Respondent argues the Court should limit Petitioner's claim to the

fees reasonably expended on the prosecution of the ERISA claim.  Petitioner failed

to allocate his fees between his multiple claims and he has not alleged that his

claims are so intertwined that he is unable to allocate them.  Consequently,

Respondent argues that Petitioner is not entitled to any fee.  In <u>Hensley</u>, the

Supreme Court propounded two different approaches for setting a reasonable fee

in cases where the plaintiff succeeded on some, but not all of its claims.  In cases in

which a plaintiff brings distinctly different claims based on different facts and

theories in a single lawsuit, the Court said "work on an unsuccessful claim cannot

be deemed to have been 'expended in pursuit of the ultimate result achieved.'"

<u>Hensley</u>, 461 U.S. at 434-35 (quoting <u>Davis v. Cnty of Los Angeles</u>, No. 73-63-

WPG, 1974 WL 180, at *3 (C.D. Cal. June 5, 1974)).   Conversely, where "the

plaintiff's claims for relief will involve a common core of facts or will be based on

related legal theories," then "[m]uch of counsel's time will be devoted generally to

the litigation as a whole, making it difficult to divide the hours expended on a claim-

by-claim basis."  <u>Hensley</u>, 461 U.S. at 435.  In these situations, the Court instructs

-14-

that the "lawsuit cannot be viewed as a series of discrete claims," and "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. Here, Petitioner sought redress for a single injury based upon six legal theories and he prevailed on four of those theories.  Accordingly, I recommend the Court view this matter generally and not as a set of separate and distinct claims.

The result obtained by Petitioner is excellent.  Petitioner had $105,953 in net out-of-pocket losses.  (Doc. 30 at 17).  In addition to his out-of-pocket losses, the arbitrators awarded Petitioner the benefit of his bargain, also known as "well-managed damages." Laney v. Am. Equity Life Ins. Co., 243 F. Supp. 2d 1347, 1355-56 (M.D. Fla. 2003).  Petitioner offers the results of an independent study showing that arbitration panels infrequently award claimants more than their out-of-pocket losses and that the average award in an arbitration case involving over $250,000 in damages is 10-13 cents on the dollar in cases involving the top 20 largest brokerage firms.  (Doc. 30 at 16).  In Hensley, the Supreme Court said:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. See Davis v. County of Los Angeles, 8 E.P.D. ¶ 9444, at 5049 (CD Cal. 1974).  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

-15-

461 U.S. at 435.

Because Petitioner was seeking damages based upon a single injury and counsel achieved an excellent, I recommend the Court reject Respondent's arguments and award Petitioner fees for work performed on all aspects of this litigation.

Respondent urges the Court not to award Petitioner any of the fees he incurred in his efforts to confirm the arbitration award or in seeking attorneys' fees under ERISA.  Respondent's sole ground is that the Court only awarded Petitioner fees for defending the counterclaim for vacatur.  The Court's Order awarding Petitioner fees was in response to Petitioner's motion for sanctions based upon Respondent's filing of a meritless motion to vacate the arbitration award.  The Court's ruling was limited to that discrete issue, it did not make any finding that Petitioner is not otherwise entitled to recover attorneys' fees and ERISA § 1132(g) gives the Court discretion to award the fees Petitioner is requesting.  The work performed to obtain confirmation of the arbitration award and to recover fees is all part of a single action and the Eleventh Circuit holds that "[i]t is well settled that time expended litigating attorney fees is fully compensable." Martin v. Univ. of S. Alabama, 911 F.2d 604, 610 (11th Cir. 1990).  For these reasons, I recommend the District Court award Petitioner his reasonable attorneys' fees for the entire litigation in this Court.

Petitioner seeks $34,725 for defending the motion to vacate the arbitration

award.  The sum is calculated as follows:

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Jeffrey Erez | 33.2 | $450 | $14,985 |
| Jeffrey R. Sonn | 7.6 | $450 | $3,420 |
| Jennifer Poole Farrar | 54.4 | $300 | $16,320 |

Respondent contends these amounts are inflated.  Its first argument is that the Court erred when it sanctioned Respondent.  No motion for reconsideration was filed and it is not my role to pass on the correctness of decisions made by the District Judge.  Next, Respondent argues that Petitioner's counsel failed to exercise billing judgment and 95.3 hours to defend the motion is excessive.  Respondent has not challenged the adequacy of Petitioner's time records and it has not directed the Court to any entries it believes are unreasonable.  Once the prevailing party produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted."   Rynd v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, *9 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).  Because Respondent has not met its burden, I recommend the Court award Petitioner the full $34,725.

In sum, I have considered the requested hours and find that the number of hours requested were reasonably expended on this case.  Therefore, I recommend the Court award Petitioner $184,200 under ERISA and $34,725 as a sanction pursuant to the Court's Order entered August 3, 2012 for a total of $218,945.

-17-

III.  Recommendation

Now, it is respectfully recommended that the Court:

1.  Grant Petitioner's Motion for Attorneys' Fees, Costs, and Entry of Final Judgment with Incorporated Memorandum of Law (Doc. 30).

2.  Enter judgment for Petitioner and against Respondent for the following sums:

a.  $194,976 in compensatory damages;

b.  Prejudgment interest at the rate of 4.75 % on the $194,976 in compensatory damages from December 23, 2011 through the date of the judgment;

c.  $19,342 in costs incurred by Petitioner for the underlying arbitration;

d.  $300 representing the non-refundable portion of the initial claim filing fee previously paid by Petitioner;

e.  $420 as the costs of this action;

f.  Prejudgment interest at the rate of 4.75% on the $19,342 in arbitration costs and $300 filing fee from January 7, 2012 through the date of the judgment;[3]

g.  $184,220 in attorneys' fees incurred in connection with the underlying arbitration, confirming the arbitration award and seeking attorneys' fees under ERISA;

---

[3]January 7, 2012 is the date of executi0n of the arbitration award by the third arbitrator. (Doc. 30-1).

-18-

        h.  $34,725 in attorneys' fees for defending Respondent's motion for vactur;

        i.  Prejudgment interest at the rate of 4.75% on the $34,725 in fees from August 3, 2012 (the date the Court imposed sanctions) through the date of the final judgment;

        j.  Post-judgment interest at the rate of 4.75 % on all sums awarded from the date of the final judgment until paid; and

        k.  That the Court authorize execution on the final judgment.

In Chambers in Orlando, Florida, on January 11, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record